UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIAM PRESTON (#301739)

VERSUS

LYNN COOPER, ET AL

CIVIL ACTION

NUMBER 07-96-JVP-DLD

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, _____June 5_____, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST OF LA

2007 JUN -5  A 10: 28

BY DEPUTY CLERK

WILLIAM PRESTON  (#301739)

VERSUS

LYNN COOPER, ET AL

CIVIL ACTION

NUMBER 07-96-JVP-DLD

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on the application of petitioner William Preston for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of three counts armed robbery and one count attempted first degree robbery in the Nineteenth Judicial District Court for the Parish of East Baton Rouge on March 7, 2002. Petitioner was sentenced to 40 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence on each robbery count and to 10 years imprisonment at hard labor on the attempted first degree robbery conviction, the sentences to be served concurrently.

Petitioner did not appeal his convictions and sentences.

Petitioner filed an application for post-conviction relief in the state district court on October 18, 2004. Petitioner raised three grounds for relief: (1) insufficient evidence to support the conviction; (2) the photographic lineup was unduly suggestive; and, (3) the petitioner was denied a fair trial.

The state court commissioner recommended that the petitioner's application for post-conviction relief be denied as procedurally barred pursuant to La.C.Cr.P. art. 930.4.

On August 11, 2005, the district court adopted the commissioner's recommendation and dismissed the petitioner's post-conviction relief application.

Petitioner sought supervisory review from the Louisiana First Circuit Court of Appeal. The appellate court denied review. *State of Louisiana v William Preston*, 2005-1951 (La. App. 1st Cir. 10/31/05). Petitioner sought review by the Louisiana Supreme Court. The Louisiana State Supreme Court denied review on August 18, 2006. *State ex rel. William Preston v. State of Louisiana*, 2006-0348 (La. 8/18/06).

Petitioner filed a second application for post-conviction relief on March 22, 2005. The state court commissioner recommended that the petitioner's second application for post-conviction relief be denied as procedurally barred pursuant to La.C.Cr.P. art. 930.4. On September 28, 2006, the district court adopted the commissioner's recommendation and dismissed the petitioner's post-conviction relief application.

Petitioner sought supervisory review from the Louisiana First Circuit Court of Appeal. The appellate court denied review. *State of Louisiana v William Preston*, 2006-2111 (La. App. 1st Cir. 1/24/07). Petitioner did not seek review by the Louisiana Supreme Court.

Petitioner filed his federal habeas corpus application on February 9, 2007. Petitioner urged two grounds for relief: (1) insufficient evidence to support the conviction; and (2) the photographic lineup was unduly suggestive.

No evidentiary hearing is required. The petitioner has exhausted available state court remedies.

The Anti-Terrorism and Effective Death Penalty Act, effective April 24, 1996, amended 28 U.S.C. § 2254(d) to provide that:

(d) An application for a writ of habeas corpus on behalf of a person in

2

custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Amended section 2254(e)(1) provides as follows:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of section 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary

3

to...clearly established Federal law, as determined by the Supreme Court." *Id*.

**Ground One : Insufficient Evidence**

In his first ground for relief, the petitioner argued that the evidence was insufficient to support his armed robbery convictions.[1]

The standard for gauging the sufficiency of the evidence to support a conviction is well established. "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789 (1979) (emphasis in original). Even if state law would impose a more demanding standard of proof, only the *Jackson* standard must be satisfied to maintain the constitutionality of a conviction. *Gilley v. Collins*, 968 F.2d 465 (5th Cir. 1992); *Schrader v. Whitley*, 904 F. 2d 282, 284 (5th Cir.), *cert. denied*, 498 U.S. 903, 111 S.Ct. 265 (1990). The evidence may be found sufficient to support a conviction even though the facts also support one or more reasonable hypotheses consistent with the defendant's claim of innocence. *Gilley*, *supra*; *Gibson v. Collins*, 497 F.2d 780, 783 (5th Cir. 1991). The *Jackson* standard applies to both bench and jury trials. *Jackson*, 433 U.S. at 309, 311 and n. 3, 317 n. 8, 99 S.Ct. at 2783, 2785 and n. 3, 2788 and n. 8.

The substantive elements which the state must prove in order to convict a defendant are determined by state law. At the time of the petitioner's offense, armed robbery was defined as the taking of something of value belonging to another by use of force or intimidation while armed with a dangerous weapon. LSA-R.S. 14:64.

---

[1] Petitioner did not challenge the sufficiency of the evidence regarding his attempted first degree robbery conviction.

Count I: Auto Zone Robbery

The essential evidence, viewed in the light most favorable to the prosecution, established that on August 5, 2001, a black man entered the Auto Zone store, approached Kathryn Bergeron at the counter and demanded money from the register.[2] The robber pointed to a knife in his cuff.[3] While maintaining eye contact with the robber, Bergeron walked to the cash register.[4] The robber displayed the knife, told Bergeron she was taking too long and gave her to the count of five to give him the money from the register.[5] The knife slipped out of the robber's hand and fell to the floor.[6] The robber grabbed the money from the register and walked out of the store.[7] Bergeron testified that the robber wore jeans, a jacket and a burgundy skull cap.[8] Bergeron identified the petitioner as the robber from a photographic lineup and again at trial.[9]

Detective Tillmon Cox testified that Bergeron immediately identified the petitioner as the robber from the photographic lineup.[10]

---

[2] March 5, 2002, Trial Transcript, p. 7, 14.

[3] *Id.* at 14.

[4] *Id.*

[5] *Id.* at 8, 17-18.

[6] *Id. at 18-20.*

[7] *Id.*

[8] *Id.* at 10.

[9] *Id.* at 34-35.

[10] *Id.* at 73.

Count III: Pizza Hut Robbery

The essential evidence, viewed in the light most favorable to the prosecution, established that on August 12, 2001, a black man entered the Pizza Hut, approached Laconya Barnes at the cash register, brandished a knife and ordered her to open the cash register drawer.[11] The robber told Barnes she was moving too slow and that he was about to stab her.[12] Barnes opened the cash register drawer, the robber reached over the counter, grabbed the money from the drawer, asked if there was any money under the drawer and then walked away.[13] Barnes testified that the robber had brown skin, a bald head, and wore black shorts and a white tee shirt.[14] Barnes identified the petitioner as the robber from a photographic lineup and again at trial.[15]

Detective John O'Donoghue testified that Barnes identified the petitioner as the robber from the photographic lineup in less than five seconds.[16]

Count IV: Video USA Robbery

The essential evidence, viewed in the light most favorable to the prosecution, established that on August 12, 2001, a man entered the store, approached Nicosia Jones at the counter and demanded money from the register.[17] The robber came around the

---

[11] March 6, 2002, Trial Transcript, p. 7.

[12] *Id.*

[13] *Id.* at p. 7, pgs. 13-14.

[14] *Id.* at p. 8.

[15] *Id.* at pgs. 14-17.

[16] *Id.* at p. 47.

[17] *Id.* at p. 72.

6

counter, showed Jones a knife, removed money from the cash register drawer, checked under the drawer for additional money, and then left the store.[18] Jones testified that the robber wore something red.[19] Jones identified the petitioner as the robber from a photographic lineup and again at trial.[20]

A video surveillance tape recording of the robbery was introduced into evidence and played for the jury.[21]

A review of all of the trial testimony clearly showed that there was more than sufficient evidence to prove that the petitioner was guilty of the armed robberies beyond a reasonable doubt. Petitioner's insufficiency of the evidence claim has no merit.

### Ground Two: Unduly Suggestive Photographic Lineup

In his second ground for relief, the petitioner argued that the photographic lineups by which he was identified by victims were impermissibly suggestive as to deprive him of due process.[22] Specifically, the petitioner argued that each victim identified the assailant as wearing a red shirt. Petitioner argued that because he was the only member of the photographic lineup wearing a red shirt, the victims were more likely to identify him as the assailant.

Pretrial identification procedures are constitutional unless the pretrial identification was so unnecessarily suggestive and conducive to irreparable mistaken identification that

---

[18] *Id.* at p. 73.

[19] *Id.* at p. 73.

[20] *Id.* at pgs. 83-84.

[21] *Id.* at pgs. 77-80.

[22]

the defendant was denied due process of law. *Peters v. Whitley*, 942 F.2d 937 (5th Cir. 1991).

Petitioner has not alleged any factors to establish that the photographic lineups were impermissibly suggestive, nor are any apparent from the record. No victim testified that the robber wore a red shirt. [23] Bergeron testified that the Auto Zone robber wore jeans, a jacket and a burgundy skull cap.[24] Barnes testified that the Pizza Hut robber wore black shorts and a white tee shirt.[25] Jones testified that the Video USA robber wore something red.[26] Erica Williams testified that the Honey Baked Ham robber wore blue pants and a white shirt.[27]

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the application of petitioner William Preston for a writ of habeas corpus be denied.

Baton Rouge, Louisiana, June 5, 2007.

_____
DOCIA L. DALBY
UNITED STATES MAGISTRATE JUDGE

---

[23] *Id.* at pgs.18-20.

[24] March 5, 2002 Trial Transcript at p. 10.

[25] March 6, 2002 Trial Transcript p. 8.

[26] *Id.* at p. 73.

[27] *Id.* at p. 126.